Case 2:19-cv-00050   Document 8   Filed on 03/08/19 in TXSD   Page 1 of 6

United States District Court
Southern District of Texas
**ENTERED**
March 08, 2019
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MICHAEL GARRETT, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:19-CV-50 |
| | § | |
| LORI DAVIS, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
IFP AND DISMISS CASE AS BARRED BY SECTION 1915(g)**

Plaintiff Michael Garrett, appearing *pro se*, has filed a pleading entitled "Emergency Temporary and Injunctive Protective Order Request." (D.E. 1). This pleading has been docketed as a prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending is Plaintiff's application for leave to proceed *in forma pauperis* (D.E. 5, 6). For the reasons stated herein, it is respectfully recommended that Plaintiff's application be denied and that his case be DISMISSED as barred by the three strikes rule set forth in 28 U.S.C. §1915(g).

**I.      JURISDICTION**

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

**II.     BACKGROUND**

Plaintiff Michael Garrett is an inmate in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID) and currently is confined at the McConnell Unit in Beeville, Texas. He seeks to proceed *in forma pauperis*. (D.E. 5).

Plaintiff alleges the following facts in this action. Plaintiff is a seizure patient. He has been placed in administrative segregation (Ad-Seg) where his chances of receiving medical care have diminished. Plaintiff has suffered from seizures in Ad-Seg with some of them being documented by officers.

Plaintiff has recently received antibiotics and steroids for an unknown illness. Plaintiff visited the Galveston Hospital where there he received no diagnosis as to his mysterious illness. Plaintiff subsequently was prescribed a heart medication even though he has no history of heart issues. He also was prescribed Lisinopril, which is a hypertension medication known to deplete white blood cells. Plaintiff believes that TDCJ and UTMB officials are trying to harm and possibly kill Plaintiff through their treatment of him.

On January 23, 2019, Plaintiff suffered from a seizure while being transported from the Darrington Unit to the McConnell Unit. Plaintiff, however, did not receive any treatment for his seizure as the bus continued its route to the McConnell Unit. Plaintiff subsequently received no medical attention when he arrived at the prison facility to ensure that no brain trauma had occurred. Plaintiff believes he is at that mercy of his prison handlers who are acting in retribution to Plaintiff's filing of a previous lawsuit involving sleep deprivation.

Plaintiff states that he has suffered permanent damage to his skin as well as swelling and pain in his hands and face. The mixture of antibiotics and his other medications, including seizure medications, has induced seizures and sleep issues requiring hospitalization.

### III. DISCUSSION

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis* (IFP). 28 U.S.C. § 1915(g); *Baños v. O'Guin,* 144 F.3d 883, 884 (5th Cir. 1998) (per curiam). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); *Baños,* 144 F.3d at 884.

Plaintiff has filed at least three civil actions which have been dismissed as frivolous or malicious, or for failure to state a claim upon which relief can be granted. *See Garrett v. Williams, et al.*, Case No. 4:95-cv-295 (E.D. Tex. January 4, 1996) (dismissed as frivolous); *Garrett v. Vance, et al.*, Case No. 3:96-cv-1196 (N.D. Tex. July 12, 1996) (dismissed as frivolous); *Garrett v. Denton County Sheriff's Department*, Case No. 4:96-cv-278 (E.D. Tex. Oct. 15, 1996) (dismissed as frivolous). Thus, as a three-strikes litigant, Plaintiff is barred from filing this civil suit IFP unless he is in imminent danger of physical injury.

In order to show that he is subject to imminent danger, a prisoner must allege facts showing that "'the threat or prison condition is real and proximate and the danger of serious injury exists at the time the complaint is filed.'" *Vandiver v. Prison Health*

*Services*, 727 F.3d 580, 585 (6th Cir. 2013) (quoting *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008)). Allegations of past dangers are insufficient to invoke the exception to the filing bar. *Id.* (internal citations omitted). "The harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to 'a genuine emergency' where 'time is pressing.'" *Althouse v. Roe*, 542 F.Supp.2d 543, 574 (E.D. Tex. 2008) (quoting *Heimermann v. Litscher*, 337 F.3d 781, 782 (5th Cir. 2008)). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. *Abdul–Akbar v. McKelvie,* 239 F.3d 307, 315 (3d Cir. 2001) (en banc). "A court may find that a complaint does not satisfy the 'imminent danger' exception if the complaint's 'claims of imminent danger are conclusory or ridiculous.'" *Chavis v. Chappius,* 618 F.3d 162, 170 (2nd Cir. 2010) (quoting *Ciarpaglini v. Saini*, 352 F.3d 328, 331 (7th Cir. 2003).

Plaintiff's allegations fail to show that he is in imminent danger of serious physical danger. While indicating that he has experienced seizures recently, Plaintiff's allegations fail to suggest that such seizures have exposed him to imminent danger and that there otherwise exists a genuine emergency where time is of the essence. *Althouse*, 542 F.Supp.2d at 574. Plaintiff's allegations reflect that: (1) TDCJ and UTMB officials have been providing medical care for him through the prescription of medications for his seizure condition and other medical issues; and (2) he has been examined and treated at the hospital for his medical issues. His allegations as a whole reflect his disagreement with the medical care being afforded him. Such disagreement, however, is insufficient to show that he is in imminent danger for purposes of § 1915(g). *Sossamon v. Gregory*, 735

F. App'x 158, 159 (5th Cir. 2018). *See also* Edmond v. Tex. Dep't of Corrs., No. 97-10819, 161 F.3d 8, 1998 WL 723877, at *3 (5th Cir. Oct. 7, 1998) (per curiam) (Allegations about the quality of medical care are insufficient to meet the threshold requirement of imminent danger of physical injury). Furthermore, Plaintiff's allegations suggesting that prison and medical officials are trying to harm and possibly kill him are irrational and ridiculous. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992); *Chavis*, 618 F.3d at 170.

## IV.   RECOMMENDATION

Because Plaintiff has not shown that he is in imminent danger of physical injury, he cannot overcome the three-strikes bar to proceeding IFP. Accordingly, it is respectfully recommended that his application for leave to proceed *in forma pauperis* (D.E. 5, 6), be DENIED and his complaint dismissed without prejudice pursuant to § 1915(g). Plaintiff may re-file his complaint if it is accompanied by the $400 filing fee.

Respectfully submitted this 8th day of March, 2019.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).